**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CRIMINAL ACTION NO. 3:15-CR-00049-TBR**

UNITED STATES OF AMERICA,                                                           Plaintiff,

v.

KENYATTA TYRONE JAMES,                                                              Defendant.

**MEMORANDUM OPINION AND ORDER**

Proceeding without the benefit of counsel, Kenyatta Tyrone James filed—and this Court recently disposed of—eight motions on subjects ranging from dismissing the indictment against him to resolving discovery disputes. On the same day that the Court entered its opinion, however, James moved (for the fourth time) to dismiss the indictment against him. Again, he points to the Speedy Trial Act of 1974 and says that since more than seventy days will pass between the date of his indictment and the date of his trial, the indictment must be dismissed. But because his objection rests on a misunderstanding of how the Act operates, James' Fourth Motion to Dismiss the Indictment (R. 76) is **DENIED**.

**I.**

The background of this case is described in this Court's recent opinion, and the Court will assume the reader's familiarity with it. *See United States v. James*, No. 3:15-CR-00049-TBR, 2016 WL 51268, at *1–2 (W.D. Ky. Jan. 4, 2016). In relevant part, the Court held that between July 28 and November 20, 2015, only twenty-eight countable days had elapsed under the Speedy Trial Act. *Id.* at *4–6. That same day, however, James filed papers styled as a Motion in Objection to the Courts' Scheduling Order. *See* R. 76. Consistent with the practice of liberally construing "pro se complaints and

1

motions," *United States v. Houston*, 792 F.3d 663, 667 (6th Cir. 2015), the Court will treat James' filing as a renewed motion to dismiss his indictment on Speedy Trial Act grounds.

## II.

### A.

The Court incorporates its prior discussion regarding the operation of the Speedy Trial Act of 1974, Pub. L. No. 93-619, 88 Stat. 2076 (1975) (codified as amended at 18 U.S.C. §§ 3161–3174).

> The Speedy Trial Act is not simple. To start, the seventy-day "limit for trial begins to run from the *latter* of two days: when the defendant is indicted, or when the defendant is arraigned." *United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir. 1989) (emphasis added); *see also* 18 U.S.C. § 3161(c)(1) ("[T]he trial of a defendant . . . shall commence within seventy days from the filing date . . . of the information or indictment, *or* from the date the defendant has appeared before . . . the court . . ., *whichever date last occurs*." (emphasis added)). The endpoint for the calculation is the date on which the defendant last moved to dismiss on Speedy Trial Act grounds. *See United States v. Tinson*, 23 F.3d 1010, 1012 (6th Cir. 1994) ("[A] motion for dismissal is effective only for periods of time which antedate the filing of the motion." (quoting *United States v. Connor*, 926 F.2d 81, 84 (1st Cir. 1991)) (internal quotation marks omitted)); *United States v. Peterson*, 411 F. App'x 857, 862 (6th Cir. 2011); *United States v. Payton*, 257 F. App'x 879, 881 (6th Cir. 2007).
>
> But even once the clock starts, the seventy-day period "is subject to numerous exclusions." *United States v. Smith*, 510 F. App'x 390, 394 (6th Cir. 2013); *see also* 18 U.S.C. § 3161(h). Some exclusions are automatic. *See Bloate v. United States*, 559 U.S. 196, 203 (2010). For example, the seventy-day clock is tolled when a party files a pretrial motion and remains tolled while the Court awaits filings from either party on that issue. *See* 18 U.S.C. § 3161(h)(1)(D); *see also United States v. Robertson*, 260 F.3d 500, 503–04 (6th Cir. 2001); *United States v. Jenkins*, 92 F.3d 430, 438–39 (6th Cir. 1996); *United States v. Moran*, 998 F.2d 1368, 1371 (6th Cir. 1993). If the motion requires a hearing, then "the entire period between the filing of the motion and the conclusion of the hearing" is excludable. *Henderson v. United States*, 476 U.S. 321, 329 (1986); *see also* 18 U.S.C. § 3161(h)(1)(D). In either situation, once the Court has received all the papers it reasonably expects, the motion is taken

"under advisement," and the seventy-day clock remains tolled for no more than thirty days following. *See* 18 U.S.C. § 3161(h)(1)(H); *see also Robertson*, 260 F.3d at 504; *Jenkins*, 92 F.3d at 439; *United States v. Mentz*, 840 F.2d 315, 327 (6th Cir. 1988).

Others exclusions require the Court to make specific findings on the record. *See Bloate*, 559 U.S. at 203; *see also* 18 U.S.C. § 3161(h)(7). One such exclusion results from a continuance "granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(A). Such a continuance "must be based on a court's 'findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Williams*, 753 F.3d 626, 634 (6th Cir. 2014) (quoting 18 U.S.C. § 3161(h)(7)(A)).

Before granting an ends-of-justice continuance, "a district court should weigh factors such as whether a miscarriage of justice could result, the complexity of the case and time needed for preparation, and the continuity of counsel." *United States v. Richardson*, 681 F.3d 736, 738 (6th Cir. 2012) (citing 18 U.S.C. § 3161(h)(7)(B)). The Court's findings must be set forth, either orally or in writing, in the record of the case. 18 U.S.C. § 3161(h)(7)(A). While the best practice is to set forth these reasons "at or near the time [the Court] grants the continuance," *Zedner v. United States*, 547 U.S. 489, 507 n.7 (2006), the Court may make the necessary findings when deciding a motion to dismiss under the Act, *see Williams*, 753 F.3d at 636; *United States v. Smith*, 510 F. App'x 390, 395 (6th Cir. 2013); *United States v. Stone*, 461 F. App'x 461, 464 (6th Cir. 2012).

*James*, 2016 WL 51268, at *3–4.

## B.

Properly framed,[1] the Court must determine how many (if any) of the remaining forty-two days ticked off of the seventy-day clock between November 20 and January 4.

---

[1] James asserts that the Court must measure the time between his indictment (on May 20, 2015) and his scheduled trial date (on February 16, 2016) to see if a Speedy Trial Act violation will occur. *See* R. 76 at 2–3. He is mistaken. First, his argument rests on a flawed premise: The seventy-day clock started *not* on May 20 (the day of James' indictment), but rather on July 28 (the day of his arraignment). *See James*, 2016 WL 51268, at *4. Second, the Court has previously examined the time between July 28 and November 20, and it held that only twenty-eight days had ticked off of the seventy-day clock during that time. *Id.* at *6. Third, James articulates an incorrect legal standard: The Court need not determine "the countable days to the planned trial date," only those which have already elapsed, when deciding if a Speedy Trial Act violation has occurred. *Payton*, 257 F. App'x at 881.

3

When all is said and done, the number of countable days remains the same as before—twenty-eight. James' suggestion to the contrary is of no moment.[2]

On November 13, James moved (for the third time) to dismiss the indictment against him. *See* R. 63 (Third Motion to Dismiss). The Government responded to James' motion on November 30. *See* R. 70 (Response to Third Motion to Dismiss). Under the Joint Local Rules of Criminal Practice, James had fourteen days during which to reply to the Government's response. *See* LCrR 12.1(d). Because James filed no reply, the Court took his motion under submission on December 14. *See* LCrR 12.1(h) ("A motion is submitted to the Court for decision after the competition of a hearing or oral argument—or if none—after the reply memorandum is filed, or the time for filing the reply has expired."). Twenty-one days later, on January 4, 2016, the Court denied the motion. *See James*, 2016 WL 51268, at *9.

Under 18 U.S.C. § 3161(h)(1)(D) and (H), then, the period of time between and including November 13, 2015 and January 4, 2016 must be excluded from the seventy-day period. When James filed his third motion to dismiss on November 13, he stopped the seventy-day clock. *See United States v. Stewart*, 729 F.3d 517, 523 (6th Cir. 2013) ("The speedy-trial clock automatically stops when a defendant files any type of pretrial motion, including a motion to dismiss for a Speedy Trial Act violation."); *United States v. Sobh*, 571 F.3d 600, 604 (6th Cir. 2009) (same). The clock remained stopped between November 13 and December 14, as the Court was "waiting for filings from the parties." *Jenkins*, 92 F.3d at 439. Once James' time to reply elapsed on December 14, the Court

---

[2] One thing does deserve mention at this point. James objects to the Court's factual finding that the "parties agreed [that the time between December 10, 2015 and February 16, 2016] should be excluded from the Speedy Trial Act," R. 74 at 2, ¶ 12 (Order of December 22, 2015). *See* R. 76 at 2–3. On that James is correct, and the Court will correct the record accordingly. In the end, however, it does not change (or even affect) the outcome of the instant motion. *See also James*, 2016 WL 51268, at *5 n.5.

took his motion "under advisement" by Local Rule.  *See* LCrR 12.1(h).  The seventy-day limit remained tolled up to and including January 4, when the Court denied James' motion to dismiss only twenty-one days after taking it "under advisement."  *See* 18 U.S.C. § 3161(h)(1)(H); *see also Robertson*, 260 F.3d at 505 ("Pursuant to [18 U.S.C. § 3161(h)(1)(H)], the speedy trial clock is stopped for that time in which the suppression motion was under advisement, not to exceed thirty days.").  Therefore, because no more than twenty-eight countable days have elapsed, there has been no Speedy Trial Act violation.  *See James*, 2016 WL 51268, at *6.

### III.

For the aforementioned reasons, and being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** that paragraph 12 of the Court's Order of December 22, 2015 (R. 74) is **AMENDED** to remove any reference to Defendant Kenyatta Tyrone James' agreement to exclude time from the Speedy Trial Act;

**IT IS FURTHER ORDERED** that Defendant Kenyatta Tyrone James' Motion in Objection to the Courts' Scheduling Order Doc. 74 (R. 76) is **DENIED**.

**IT IS SO ORDERED.**

Date:

cc:   Counsel of Record
      Defendant, *pro se*
      Stand-By Counsel