**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CRIMINAL ACTION NO. 3:15-CR-49-TBR**

UNITED STATES OF AMERICA                                                                 Plaintiff

v.

KENYATTA TYRONE JAMES                                                                Defendant

**MEMORANDUM OPINION AND ORDER**

Defendant Kenyatta Tyrone James, proceeding *pro se*, filed a Motion to Strike Surplusage from the Indictment. (Docket No. 72.) Plaintiff the United States of America has responded, (Docket No. 78), and Defendant did not file a Reply. Fully briefed, this matter is ripe for adjudication.

On May 20, 2015, Kenyatta Tyrone James was indicted on one charge of violating the federal felon-in-possession-of-a-firearm statute, 18 U.S.C. § 922(g)(1). The only count of the indictment reads:

> On or about May 8, 2015, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **KENYATTA TYRONE JAMES**, being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is,
>
> On or about June 14, 1999, **KENYATTA TYRONE JAMES**, was convicted in the United States District Court for the Western District of Kentucky, in Case Number 3:98CR-155-C, of possession with intent to distribute a controlled substance (cocaine) and possession of a firearm by a person under Indictment for a felony offense; and
>
> On or about June 1, 2006, **KENYATTA TYRONE JAMES**, was convicted in Jefferson County Circuit Court, Louisville, Kentucky, in Case Number 05-CR-001756, of trafficking in a controlled substance (cocaine),

knowingly possessed, in and affecting commerce, a firearm, that is, a Glock .40 caliber pistol, serial number DNX903.

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924(e).

(Docket No. 1 at 1.) The indictment on its face specifically alleges that James' charged conduct was in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924(e). James argues that the government's application of the Armed Career Criminal Act (ACCA) sentencing enhancement under 18 U.S.C. § 924(e) is "inapplicable and misapplied" in this case. (Docket No. 72 at 2.) He also argues that "his prior criminal history fails to meet the predicate felon criteria as required by [18 U.S.C. § 924(e)]." *Id.* In support of his argument, Mr. James states that the indictment only contains two prior felony convictions and consequently he is "disqualified from being subjected to Section 924(e)'s enhancement penalty as a matter of law." *Id.* at 3. As he believes the sentencing enhancement is included in the indictment in error, he urges this Court to amend the indictment. *Id.*

As this Court has previously stated in an Opinion in this matter, an indictment must satisfy several requirements originating, collectively, from "from the Fifth Amendment's Due Process, Double Jeopardy, and Grand Jury Clauses and the Sixth Amendment's Notice Clause." *United States v. Cor-Bon Custom Bullet Co.*, 287 F.3d 576, 580 (6th Cir. 2002). Federal Rule of Criminal Procedure 7(c)(1) generally requires an indictment to contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). In other words, an indictment "must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime." *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992)) (internal quotation marks omitted). The language of the indictment must "ensure that [the] accused is reasonably informed

of the charge made against him so that he can prepare a defense." *Williams v. Haviland*, 467 F.3d 527, 535 (6th Cir. 2006) (quoting *Cor-Bon Custom*, 287 F.3d at 580) (internal quotation marks omitted). In the usual case, an indictment that "states the offense using the words of the statute itself" will be sufficient. *Landham*, 251 F.3d at 1079 (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Monus*, 128 F.3d 376, 388 (6th Cir. 1997)).

Pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure, a court may strike surplusage from the indictment. "The decision whether to strike language from an indictment rests within the sound discretion of the district court." *Smith v. United States*, No. 06-CR-20659, 2011 WL 7801496, at *4 (E.D. Mich. Mar. 7, 2011) (quoting *United States v. Emuegbunam*, 268 F.3d 394–95 (6th Cir. 2001)). A court may strike surplusage from the indictment when the "indictment contains nonessential allegations that could prejudicially impress the jurors." *Id.* (quoting *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974)).

As this Court explained previously 18 U.S.C. § 924(e) is not "a separate offense that the government must plead in the indictment." *United States v. McMurray*, 653 F.3d 367, 370 (6th Cir. 2011); *see also United States v. Keglar*, 535 F. App'x 494, 495 (6th Cir.), cert. denied, 134 S. Ct. 668 (2013) (same); accord *United States v. Dunn*, 946 F.2d 615, 619 (9th Cir. 1991) ("[T]he three prior violent felonies required as a predicate for sentence enhancement need not be included in the indictment and proved at trial." (citing *United States v. West*, 826 F.2d 909, 911 (9th Cir. 1987))). Instead, it is a "sentence enhancement," *McMurray*, 653 F.3d at 371 (citing *Custis v. United States*, 511 U.S. 485, 490 (1994); *Taylor v. United States*, 495 U.S. 575, 577 (1990)), and becomes relevant only if James is convicted of the actual offense charged in the indictment—being a felon in possession of a firearm. Only then will the Court need to determine if there are "facts that trigger a mandatory minimum sentence." *United States v. Price*, 516 F.3d

597, 605 (7th Cir. 2008). Furthermore, "no formal notice is required when the United States intends to seek the ACCA's 15 year mandatory minimum." (Docket No. 78 at 2 (citing *United States v. Gibson*, 64 F.3d 617, 625-26 (11th Cir. 1995))); *see also United States v. Mauldin*, 109 F.3d 1159, 1163 (6th Cir. 1997).

While formal notice is not required, the United States included the reference to 18 U.S.C. § 924(e) to provide notice to James of the potential sentencing enhancement. (Docket No. 78 at 2.) If a copy of the indictment is provided to the jury, the Court shall redact any reference to the Armed Career Criminal Act, 18 U.S.C. § 924(e).

In light of this ruling, Defendant's Motion is **DENIED** as **MOOT**. (Docket No.72.)

cc:    Counsel of Record
       Defendant, *pro se*
       Stand-By Counsel