**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CRIMINAL ACTION NO. 3:15-CR-49-TBR**

UNITED STATES OF AMERICA                                        Plaintiff

v.

KENYATTA TYRONE JAMES                                        Defendant

**MEMORANDUM OPINION AND ORDER**

Defendant Kenyatta Tyrone James, proceeding *pro se*, filed a Motion requesting that the Court take judicial notice of adjudicative facts. (Docket No. 93.) Plaintiff the United States of America has responded, (Docket No. 97), and Defendant has replied, (Docket No. 98). Fully briefed, this matter is ripe for adjudication.

On May 20, 2015, Kenyatta Tyrone James was indicted on one charge of violating the federal felon-in-possession-of-a-firearm statute, 18 U.S.C. § 922(g)(1). The only count of the indictment reads:

> On or about May 8, 2015, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **KENYATTA TYRONE JAMES**, being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is,
>
> > On or about June 14, 1999, **KENYATTA TYRONE JAMES**, was convicted in the United States District Court for the Western District of Kentucky, in Case Number 3:98CR-155-C, of possession with intent to distribute a controlled substance (cocaine) and possession of a firearm by a person under Indictment for a felony offense; and
> >
> > On or about June 1, 2006, **KENYATTA TYRONE JAMES**, was convicted in Jefferson County Circuit Court, Louisville, Kentucky, in Case Number 05-CR-001756, of trafficking in a controlled substance (cocaine),

1

knowingly possessed, in and affecting commerce, a firearm, that is, a Glock .40 caliber pistol, serial number DNX903.

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924(e).

(Docket No 1 at 1.)

Following the United States' Indictment of Mr. James, there has been considerable motion practice in this action. (*See* Docket Nos. 77; 81; 84.)  In his most recent motion, Mr. James requests that this Court take judicial notice of adjudicative facts. (Docket No. 93.) "A court may take judicial notice of an adjudicative fact whether requested or not." *United States v. Greene*, 210 F.3d 373, 2000 WL 377076, at *2 (6th Cir. 2000) (unpublished table decision).  The decision of whether or not to take judicial notice of an adjudicative fact is a discretionary one. *Id.* Under Rule 201 of the Federal Rules of Evidence, a "court may judicially notice a fact that is not subject to reasonable dispute" and "is generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Here, Mr. James does not make clear in his Motion what facts he wishes the Court to take judicial notice of. (Docket No. 93 at 2-10.) Mr. James instead discusses his opposition to the United States' use of certain evidence at trial, in particular the Glock 23, .40 caliber pistol that the police allegedly found on Mr. James' person the day he was arrested. *Id.* at 6-10. The facts that Mr. James discusses in his Motion, such as the collection and chain of custody of the Glock 23 pistol in question, are not appropriate for judicial notice as they are "subject to reasonable dispute" in the action.

The Court agrees with the United States that Mr. James' arguments in his Motion are more appropriately directed to the admissibility of the Glock 23 in question if and when the United States seeks to admit it at trial or in a pretrial evidentiary motion.

For the aforementioned reasons, Mr. James' Motion requesting that the Court take judicial notice of adjudicative facts is **DENIED**. (Docket No. 93.)