# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CRIMINAL ACTION NO. 3:15-CR-49-TBR

UNITED STATES OF AMERICA                                              Plaintiff

v.

KENYATTA TYRONE JAMES                                       Defendant

## MEMORANDUM OPINION AND ORDER

Defendant Kenyatta Tyrone James, proceeding *pro se*, has filed a Motion to Dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 12(b). (Docket No. 101.) The United States has responded, (Docket No. 106), and Mr. James has replied. (Docket No. 114.) For the reasons enumerated below, the Court will DENY Mr. James' Motion.

## Factual Background

On May 20, 2015, the Defendant Kenyatta Tyrone James was indicted on one charge of violating the federal felon-in-possession-of-a-firearm statute, 18 U.S.C. § 922(g)(1). The only count of the indictment reads:

> On or about May 8, 2015, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **KENYATTA TYRONE JAMES**, being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is,
>
> On or about June 14, 1999, **KENYATTA TYRONE JAMES**, was convicted in the United States District Court for the Western District of Kentucky, in Case Number 3:98CR-155-C, of possession with intent to distribute a controlled substance (cocaine) and possession of a firearm by a person under Indictment for a felony offense; and
>
> On or about June 1, 2006, **KENYATTA TYRONE JAMES**, was convicted in Jefferson County Circuit Court, Louisville, Kentucky, in Case Number 05-CR-001756, of trafficking in a controlled substance (cocaine),

1

> knowingly possessed, in and affecting commerce, a firearm, that is, a Glock .40 caliber pistol, serial number DNX903.
>
> In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924(e).

(Docket No 1 at 1.)

Following the United States' Indictment of Mr. James, there has been considerable motion practice in this action. Mr. James' Motion to Dismiss the Indictment arises from a mistake allegedly made by Detective Aaron Browning, the arresting officer in this case as well as from information contained in the property and evidence voucher. With regards to Detective Browning's mistake, according to the United States, he transposed the last two digits of the serial number of the .40 caliber Glock firearm, at issue in this case, when he filled out the uniform citation form. (Docket Nos. 101-1 at 1, 4; 106 at 1.) The incorrect serial number was DNX930. (Docket Nos. 101-1 at 1; 106 at 1.) The correct serial number is DNX903. (Docket Nos. 101-1 at 4; 106 at 1.) The United States contends that "[t]he mistake was caught in less than one hour when the firearm was placed into the Louisville Metro Police Property room and listed on the property form." (Docket No. 106 at 1.) Mr. James argues that this inconsistency results in a record that is devoid of any proof that the firearm with serial number DNX903 was on his person on the night of his arrest. (Docket No. 101 at 3.) Additionally, Mr. James points to information contained in the property and evidence voucher. The property and evidence voucher in question lists the owner of the firearm as the "Commonwealth of Kentucky Society," states that the property was obtained from the "CSU Lab," and does not list the firearm as being found in the possession of anyone. (Docket No. 101-1 at 4.) Mr. James claims that the property and evidence voucher "exonerate[s] [him] from being in possession of the firearm charged in the Indictment." (Docket No. 101 at 3.)

## Legal Standard

An indictment must generally provide a "plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). An indictment properly charges a criminal offense if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions." *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). If the indictment uses the statutory language of the offense to state the charge, it is presumed sufficient so long as such language "fully and unambiguously states all of the elements of the offense." *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007) (quoting *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th Cir. 1992)). Such a description must be accompanied by a statement of facts to inform the defendant of the specific offense with which he is charged. *Id.* (internal citation omitted). "An indictment must assert facts . . . which, if proved, would establish *prima facie* the defendant's commission of [the] crime." *United States v. Younes*, 194 F. App'x 302, 307 (6th Cir. 2006) (citing *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992)).

According to Rule 12(b), "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). In particular, under Rule 12(b)(3)(B), a defendant may file a motion alleging a defect or insufficiency in the indictment. "Rule 12 directs the district court to make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motion as long as the court's findings on the motion do not invade the province of the jury." *United States v. Buckler*, No. 3:09-CR-00045-R, 2011 WL 1380235, at *1 (W.D. Ky. Apr. 12, 2011) (quoting *United*

*States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997)). "[C]ourts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based." *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001). Therefore, "[a]n indictment valid on its face may not be dismissed on the ground it is based on inadequate or insufficient evidence." *United States v. Jones*, No. CRIM.A. 6:09-16-S-DC, 2009 WL 2972934, at *1 (E.D. Ky. Sept. 11, 2009) (citing *United States v. Jones*, No. 1:05–CR–132, 2006 U.S. Dist. LEXIS 9269, at *2 (E.D. Tenn. Feb. 16, 2006)). "[A] pretrial motion to dismiss the indictment *cannot be based on a sufficiency of the evidence argument* because such an argument raises factual questions embraced in the general issue." *United States v. Kelley*, No. 1:08-CR-51, 2008 WL 5517559, at *5 (E.D. Tenn. Oct. 24, 2008) (emphasis added) (quoting *United States v. Williams*, No. CR 406-186, 2006 WL 3218704, * 1 (S.D. Ga. Nov. 3, 2006)). "Although at the pre-trial stage, the court may review the legal sufficiency of the indictment, it may not . . . review the sufficiency of the proof that will be offered in support of the indictment's allegations or second-guess the grand jury's probable cause findings." *Id.* (quoting *Williams*, 2006 WL 3218704, at * 1) (internal quotation marks omitted).

**Discussion**

In his Motion to Dismiss, Mr. James argues that it is "improbable that [he] ever possessed the Glock .40 caliber pistol, serial number DNX903 at the time of his arrest as charged in the . . . Indictment." (Docket No. 101 at 3.) Mr. James bases this argument on the property and evidence voucher for the firearm in question as well as the uniform citation prepared by Detective Browning. *Id.* He contends that "[t]he imperative here is that the validity of the indictment is affected by *insufficient evidence*."[1] *Id.* (emphasis added).

---

[1] Mr. James relies heavily upon the Seventh Circuit Court of Appeals' decision in *United States v. Risk*, 843 F.2d 1059 (7th Cir. 1988) in his Motion. However, this case is distinguishable and does not support Mr. James' argument. In *Risk*, the Seventh Circuit found that the district court did not err in dismissing the indictment because the government's recitation of the facts in the indictment did not "constitute a violation of any statute." *Risk*, 834 F.2d at

4

Mr. James seeks to have this Court review the Indictment on impermissible grounds as this Court cannot "review the sufficiency of the [evidence] that will be offered in support of the indictment's allegations" in a Motion to Dismiss the Indictment. *Kelley*, 2008 WL 5517559, at *5 (citation omitted). This Court simply cannot dismiss an indictment, such as this one, which is valid on its face, on the ground that it is based upon insufficient evidence. *Jones*, 2009 WL 2972934, at *1 (citation omitted).

## Conclusion and Order

For the aforementioned reasons, Defendant's Motion to Dismiss the Indictment, (Docket No. 101), is **DENIED**.

cc: U.S. Attorney
Kenyatta James, *pro se* Defendant
Defense Stand-by Counsel

---

1061. Here, the facts as recited by the government *do* constitute a violation of the felon-in-possession-of-a-firearm statute, 18 U.S.C. § 922(g)(1). Mr. James asks this Court to review the accuracy and sufficiency of the government's evidence which this Court cannot do when ruling on a motion to dismiss the indictment pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure. (Docket No. 101 at 3.)