# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CRIMINAL ACTION NO. 3:15-CR-49-TBR

| | |
|---|---|
| UNITED STATES OF AMERICA | Plaintiff |
| v. | |
| KENYATTA TYRONE JAMES | Defendants |

## MEMORANDUM OPINION AND ORDER

On July 22, 2016, this Court denied Defendant Kenyatta James' Motion to Dismiss the Indictment. (Docket No. 128.) In his Motion to Dismiss, Mr. James argued that there is "insufficient evidence" to support the validity of the indictment against him and, therefore, the indictment should be dismissed. (Docket No. 101 at 3.) This Court denied Mr. James' Motion and explained that it cannot "review the sufficiency of the [evidence] that will be offered in support of the indictment's allegations" in a Motion to Dismiss the Indictment. (Docket No. 128 at 5 (citing *United States v. Kelley*, No. 1:08-CR-51, 2008 WL 5517559, at *5 (E.D. Tenn. Oct. 24, 2008))). Mr. James then filed an appeal seeking review of this Court's denial of his Motion to Dismiss the Indictment. (Docket No. 131.) This Court now must determine whether or not Mr. James' appeal divests this Court of jurisdiction.

"The right of appeal in a criminal case is purely a creature of statute." *United States v. Bilsky*, 664 F.2d 613, 615 (6th Cir. 1981) (quoting *Abney v. United States*, 431 U.S. 651, 656 (1977)). The applicable statute in this case, 28 U.S.C. § 1291, states that "[t]he courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of

appeals from all *final decisions* of the district courts of the United States . . . ." 28 U.S.C. § 1291 (emphasis added). "The prerequisite of a 'final decision' reflects a congressional policy to promote efficient judicial administration by avoiding the delays and disruptions inherent in interlocutory or 'piecemeal' appeals. The finality requirement[] assumes special significance in criminal cases where swift and efficient administration of justice is in the interest of both society and accused." *Bilsky*, 664 F.2d at 615. The first question then for this Court is whether or not its denial of Mr. James' Motion to Dismiss was a "final decision."

"As a general matter, an order denying a motion to dismiss does not end the litigation on the merits and is ordinarily not subject to appellate review until a final judgment has been entered." *United States v. Goff*, 187 F. App'x 486, 494 (6th Cir. 2006) (quoting *Archie v. Lanier*, 95 F.3d 438, 442 (6th Cir. 1996) (citation omitted)); *see also Bilsky*, 664 F.2d at 615 (citing *United States v. Sisk*, 629 F.2d 1174, 1180 (6th Cir. 1980) ("As a general rule, a pretrial order denying a defendant's motion to dismiss an indictment is not an appealable 'final decision' under Section 1291.") Given the aforementioned case law, this Court concludes that its denial of Mr. James' Motion to Dismiss the Indictment was not an appealable final decision. However, this Court's inquiry must continue, as there is an exception to the general rule that a decision must be final to be appealable.

When a district court's decision is not "final," "[i]t is not immediately appealable . . . unless it satisfies the collateral order doctrine, which excepts a narrow range of interlocutory decisions from the general rule." *Goff*, 187 F. App'x at 493 (quoting *Kimble v. Hoso*, 439 F.3d 331, 333-34 (6th Cir. 2006) (internal quotation marks omitted). According to the Sixth Circuit Court of Appeals, "[a]n interlocutory order is immediately appealable if it satisfies three criteria: (1) it must conclusively determine the disputed question; (2) that question must involve a claim

of right separable from, and collateral to, rights asserted in the action; and (3) the order must be effectively unreviewable on appeal from a final judgment." *Id.* at 493–94 (first quoting *Kimble*, 439 F.3d at 334; then quoting *United States v. Young*, 424 F.3d 499, 503 (6th Cir. 2005)) (internal quotation marks omitted). The collateral order doctrine is a narrow exception to the general rule that a party cannot appeal a non-final decision, and it should be construed as such especially in criminal cases. *Id.* at 494 (citing *Flanagan v. United States*, 465 U.S. 259, 270 (1984)). Given the rare and narrow application of the collateral order doctrine, the Sixth Circuit has held that the doctrine "permits interlocutory appeals *in only two situations in criminal prosecutions*: (1) there may be immediate appeals from orders denying motions to dismiss on double jeopardy grounds (*Abney*) and (2) there may be immediate appeals from orders denying motions to reduce bail before trial." *Id.* at 495 (emphasis in original) (quoting *United States v. Bratcher*, 833 F.2d 69, 72 (6th Cir. 1987)). Here, Mr. James' appeal of this Court's denial of his Motion to Dismiss the Indictment does not fall within the narrow exception of the collateral order doctrine as it is not one of the two aforementioned situations where the Sixth Circuit has permitted an interlocutory appeal of a non-final decision.

As Mr. James' has appealed a clearly nonappealable order, the issue for this Court becomes whether or not such an appeal divests it of jurisdiction in this action. The Sixth Circuit has stated that "[a]s a general rule the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals." *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981). However, the general rule is not inflexible and there are exceptions that allow a district court to proceed with its adjudication of the action. *Id.* (citing *Jago v. U. S. District Court*, 570 F.2d 618, 619-20 (6th Cir. 1978)). One such exception allows a "district court to proceed where the order from which appeal is sought is itself clearly nonappealable." *Id.*

at 1223; *see also United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984). As the Court has already explained, Mr. James' appeal of this Court's denial of his Motion to Dismiss the Indictment is clearly nonappealable and, therefore, this Court may proceed with its adjudication of this matter as Mr. James' appeal does not divest this Court of its jurisdiction.

Conclusion and Order

This Court concludes that it retains jurisdiction in this matter as Mr. James' appeal of its denial of his Motion to Dismiss the Indictment is clearly nonappealable.

IT IS SO ORDERED.

cc: U.S. Attorney
Kenyatta James, *pro se*
Defense Co-Counsel