UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:15-CR-49-TBR

UNITED STATES OF AMERICA                        Plaintiff

v.

KENYATTA TYRONE JAMES                        Defendants

### MEMORANDUM OPINION AND ORDER

Defendant Kenyatta Tyrone James, proceeding *pro se*, has filed a Motion for a Writ of Error Coram Nobis. (Docket No. 112.) The United States has responded, (Docket No. 118), and Defendant has replied, (Docket No. 134). Defendant has also filed a supplemental reply which the Court has considered in making its determination in this matter. (Docket No. 136.) Fully briefed, this matter is ripe for adjudication. For the reasons enumerated below, the Court will DENY Mr. James' Motion.

### Background

On May 20, 2015, the Defendant Kenyatta Tyrone James was indicted on one charge of violating the federal felon-in-possession-of-a-firearm statute, 18 U.S.C. § 922(g)(1). The only count of the indictment reads:

> On or about May 8, 2015, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **KENYATTA TYRONE JAMES**, being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is,
>
> On or about June 14, 1999, **KENYATTA TYRONE JAMES**, was convicted in the United States District Court for the Western District of Kentucky, in Case Number 3:98CR-155-C, of possession with intent to distribute a controlled substance (cocaine)

and possession of a firearm by a person under Indictment for a felony offense; and

On or about June 1, 2006, **KENYATTA TYRONE JAMES**, was convicted in Jefferson County Circuit Court, Louisville, Kentucky, in Case Number 05-CR-001756, of trafficking in a controlled substance (cocaine),

knowingly possessed, in and affecting commerce, a firearm, that is, a Glock .40 caliber pistol, serial number DNX903.

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924(e).

(Docket No 1 at 1.)

Following the United States' Indictment of Mr. James, Mr. James has filed numerous motions with this Court. In his most recent Motion, Mr. James seeks a writ of error coram nobis from this Court with regards to his two previous convictions listed in the Indictment. Concerning his conviction in the United States District Court of the Western District of Kentucky in 1999, in Case Number 3:98-CR-155-C, Mr. James argues that he is entitled to a writ of coram nobis because (1) the court misapplied the Sentencing Guidelines and (2) the Judgment and Plea Agreement show he pleaded guilty to the charge of being a felon in possession pursuant to 18 U.S.C. § 922(g), though he had not at the time been convicted of a felony. (Docket No. 112 at 4.) With regards to his conviction in Jefferson County Circuit Court in Louisville, Kentucky for trafficking in a controlled substance, in Case Number 05-CR-001756, Mr. James seeks a writ of coram nobis because he contends that the Kentucky Department of Revenue imposed a tax assessment under Kentucky law against him for $999,400.00 and such a tax constitutes double punishment in violation of the Double Jeopardy clause. (Docket No. 112 at 6-7.)

## Legal Standard

Coram nobis was a common law writ that was used as a device for correcting fundamental errors in both civil and criminal cases. *United States v. Johnson*, 237 F.3d 751, 753 (6th Cir. 2001). The writ no longer applies in civil cases pursuant to Fed. R. Civ. P. 60(b). *Id.* In criminal cases, the Supreme Court has held that federal courts still have the power to issue the writ under certain circumstances based on the All Writs Act, 28 U.S.C. § 1651. *United States v. Morgan*, 346 U.S. 502, 506 (1954). A writ of error coram nobis may be used to vacate *a federal conviction* after a defendant has already served his sentence and relief under 28 U.S.C. § 2255 is unavailable. *Johnson*, 237 F.3d at 755 (citing *Blanton v. United States*, 94 F.3d 227, 231 (6th Cir. 1996)). Courts rarely grant a writ of error coram nobis, *United States v. Nagalingam*, 114 F. App'x 653, 654 (6th Cir. 2004), because it is an "extraordinary writ, used only to review errors of the most fundamental character – errors rendering the proceedings themselves invalid," *Johnson*, 237 F.3d at 755. "A petition for a writ of error coram nobis should not be granted unless the petitioner demonstrates an error of fact that was unknown at the time of trial, which creates such a fundamental injustice that it probably would have altered the outcome of the challenged proceeding if it had been known." *Craven v. United States*, 17 F. App'x 349, 351 (6th Cir. 2001) (citing *Blanton*, 94 F.3d at 231). "To be entitled to relief, the petitioner must demonstrate (1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." *Johnson*, 237 F.3d at 755 (citing *Blanton*, 94 F.3d at 230).

## Discussion

### I. The Doctrine of Laches

While coram nobis is a common law writ and there are no statutory time limits to a petition, *Flippins v. United States*, 747 F.2d 1089, 1091 (6th Cir.1984), the Sixth Circuit has held that the doctrine of laches applies. *Blanton*, 94 F.3d at 231 ("We believe that the doctrine of laches should apply to coram nobis proceedings because otherwise there would be essentially no time limits for bringing coram nobis claims."). Timeliness is a consideration by itself when deciding whether to issue the writ. *Id.* ("[T]imeliness should be a consideration in determining whether to grant coram nobis petitions.") (citing *Morgan*, 346 U.S. at 512). Therefore, in addition to establishing the other three elements cited above, a petitioner seeking a writ of error coram nobis must also demonstrate "that 'sound reasons exist[ed] for failure to seek appropriate earlier relief.'" *Blanton*, 94 F.3d 227, 231 (quoting *Morgan*, 346 U.S. at 512). In order to avoid the laches bar, "a coram nobis petitioner must demonstrate that sound reasons exist for not seeking appropriate relief previously as a lengthy delay prejudices the government's ability to respond to the petition and to reprosecute a meritorious case." *Unites States v. Nyhuis*, 40 F. App'x 80, 81 (6th Cir. 2002) (citing *Blanton*, 94 F.3d at 231).

The United States argues that this Court should deny Mr. James' Motion for a Writ of Error Coram Nobis as to his conviction in the United States District Court of the Western District of Kentucky in 1999, in Case Number 3:98-CR-155-C, because his Motion "is grossly out of time." (Docket No. 118 at 2.) The United States contends that Mr. James has failed to show that he had "sound reasons" for waiting almost seventeen years to assert this claim and the doctrine of laches should apply. *Id.* In response, Mr. James argues that he was not aware of what he now

contends are errors until recently when he received documents from his case file from the Clerk of Court's office. (Docket No. 134 at 4.) Mr. James also notes that the only avenue of relief available to him is a writ of coram nobis because he waived his right to appeal his conviction or to challenge his sentence in any collateral attack, including a motion brought pursuant to 28 U.S.C. § 2255, in his plea agreement with the United States. *Id.*

After reviewing the parties' arguments and the relevant case law, the Court agrees with the United States that Mr. James has failed to demonstrate that he had sound reasons for his delay in seeking a writ of coram nobis. With regards to Mr. James' knowledge of the alleged "errors," the Court finds that he knew or should have known about them at the time of his plea agreement and sentencing. Mr. James, his attorney, and an Assistant United States Attorney signed the plea agreement.[1] (Original Federal Criminal Action Docket No. 42.) By signing the plea agreement, Mr. James acknowledged that he had read the agreement and "carefully reviewed every part of it with [his] attorney." *Id.* He also acknowledged that he "fully underst[ood the agreement] and [he] voluntarily agree[d] to it." *Id.* Mr. James cannot now claim that he did not know and/or understand to what crimes he was pleading guilty. With regards to the sentence Mr. James received as a result of his guilty plea, he was present for the sentencing hearing on September 20, 1999 and, therefore, was presumably aware of the steps the Court used to calculate the sentence it imposed. (Original Federal Criminal Action Docket No. 46.) Consequently, since 1999, Mr. James has known or should have known about the "errors" that he now brings to this Court's attention, and the Court is not persuaded by Mr. James' argument that he only learned of them after recently receiving paperwork from the Clerk of Court's office.

---

[1] The Court must refer not only to the docket in Mr. James' current federal criminal action, Case Number 3:15-CR-49-TBR, but it must also refer to the docket in his prior federal criminal action that he now challenges through his Motion for a Writ of Error Coram Nobis. When the Court cites to the docket from Mr. James' prior criminal action in Case Number 3:98-CR-155-C, it will refer to the docket as "Original Federal Criminal Action Docket No." so as to prevent confusion as to which criminal action the court is referring to.

5

Now, this Court must turn to the question of when Mr. James became eligible to file a writ of coram nobis. While he was a prisoner in federal custody, Mr. James was barred from seeking a writ of coram nobis. *Johnson*, 237 F.3d at 755 ("A prisoner in custody is barred from seeking a writ of error coram nobis.") However, once Mr. James was no longer in federal custody, he was free to seek a writ of coram nobis. As the Sixth Circuit has explained, a petitioner may seek a writ of coram nobis once "he has completed his [or her] sentence and is no longer in federal custody, is serving a sentence for a subsequent state conviction, or has not begun serving the federal sentence under attack." *Johnson*, 237 F.3d at 755 (quoting *United States v. Little*, 608 F.2d 296, 299 n.5 (8th Cir. 1979)). Mr. James completed his sentence in December of 2002 for the crimes he pleaded guilty to in Case Number 3:98-CR-155-C and began a three-year term of supervised release on December 11, 2002. (Original Federal Criminal Action Docket No. 58.) Then, after several violations of the terms of his supervised release, the Court revoked Mr. James' supervised release on October 21, 2003 and required that he serve an additional ten months in custody. (Original Federal Criminal Action Docket No. 62.) When Mr. James completed his ten month sentence for his violations of the terms of his supervised release, he was eligible to seek a writ of coram nobis as he was no longer in federal custody and knew or should have known about the "errors" from which he now seeks relief. Consequently, since sometime in 2004, Mr. James has been able to seek a writ of coram nobis and yet he waited over ten years to do so.

Mr. James has not shown that sound reasons existed for his failure to seek appropriate relief earlier and, therefore, his petition is barred by the doctrine of laches because an unreasonable period of delay occurred between his release from federal custody and his filing of his coram nobis petition. The Sixth Circuit has explicitly found that "[a] ten-year delay does not

6

constitute an exercise of reasonable diligence." *Nyhuis*, 40 F. App'x at 81; *see also Kerkman v. United States*, 200 F. App'x 578, 581 (6th Cir. 2006) (finding a ten-year delay unreasonable); *Craven v. United States*, 26 Fed. App'x. 417, 419 (6th Cir. 2001) (finding a seven-year delay unreasonable).

## II. The Merits of Mr. James' Petition

Though Mr. James' petition is barred by the doctrine of laches, the Court will analyze the merits of his petition as it fails on the merits as well. The Court will first look to Mr. James' attack on his conviction in the United States District Court of the Western District of Kentucky in 1999, in Case Number 3:98-CR-155-C and then look to his attack on his conviction in Jefferson County Circuit Court in Louisville, Kentucky for trafficking in a controlled substance, in Case Number 05-CR-001756.

### A. Federal Conviction Case Number 3:98-CR-155-C

Mr. James attacks his conviction in Case Number 3:98-CR-155-C in United States District Court and seeks a writ of error coram nobis for the following reasons: (1) he argues that the court misapplied the Federal Sentencing Guidelines as the amount of cocaine and cocaine base specified in Count 1 of the Superseding Information to which he pleaded guilty was insufficient for imposition of the sentence he received and (2) he contends that the Judgment and Plea Agreement show that he pleaded guilty to the charge of being a felon in possession pursuant to 18 U.S.C. § 922(g), though he had not at the time been convicted of a felony. (Docket No. 112 at 4; 134 at 2.)

First, with regards to Mr. James' argument that the amount of cocaine and cocaine base to which he pleaded guilty to being in possession of with the intent to distribute was insufficient

7

for the imposition of the sentence he received, the Court finds that Mr. James has simply failed to understand the calculation of his sentence and, therefore, his argument is without merit. Mr. James adamantly contends "for [his] base offense level in this matter to begin at 26, the law required he at least possessed 500 grams but less than 2 kilograms of cocaine." (Docket No. 134 at 3.) However, the analysis below of how the court calculated his sentence demonstrates that Mr. James' statement is inaccurate, and he has misunderstood the application of the Federal Sentencing Guidelines in the prior criminal action at issue.

In Case Number 3:98-CR-155-C, Mr. James pleaded guilty to knowingly and intentionally possessing with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1). (Original Federal Criminal Action Docket No. 42.) A review of the presentence report shows that the court calculated Mr. James' sentence in the following manner. For 21 U.S.C. § 841(a)(1) offenses the Federal Sentencing Guidelines Manual Section 2D1.1(a)(3) directs that the offense level is as specified in the drug quantity table contained in Subsection (c). U.S. Sentencing Guidelines Manual § 2D1.1(a)(3) (U.S. Sentencing Comm'n 1998). Since both cocaine powder and cocaine base were involved in Mr. James' offense, these controlled substances had to be converted to a common drug equivalent, using the drug equivalency tables. According to the drug equivalency table, one gram of cocaine powder is equivalent to 200 grams of marijuana. U.S. Sentencing Guidelines Manual § 2D1.1 Drug Equivalency Tables (U.S. Sentencing Comm'n 1998). Consequently, the 36 grams of cocaine powder seized from Mr. James was equivalent to 7,200 grams (or 7.2 kilograms) of marijuana. Furthermore, the drug equivalency table states that one gram of cocaine base is equivalent to 20 kilograms of marijuana. U.S. Sentencing Guidelines Manual § 2D1.1 Drug Equivalency Tables (U.S. Sentencing Comm'n 1998). Accordingly, the 4.11 grams of cocaine base seized from Mr.

James was equivalent to 82.2 kilograms of marijuana. The total marijuana equivalency for the cocaine seized was 89.4 kilograms. For offenses involving at least 80 kilograms but less than 100 kilograms of marijuana, Section 2D1.1(c)(8) of the Sentencing Guidelines provides a base offense level of 24.

After determining that Mr. James' base offense level was 24, the Court increased it by two levels in accordance with Section 2D1.1(b)(1) as Mr. James possessed a firearm. Mr. James then received a two point reduction in his offense level for his acceptance of responsibility as permitted by Section 3E1.1(a). Finally, Mr. James received a one point reduction in his offense level for his timely notification to authorities of his intention to enter a plea of guilty pursuant to Section 3E1.1(b). Thus, Mr. James' final offense level was 23.

As evidenced by the above analysis, Mr. James contention that "for [his] base offense level . . . to begin at 26, the law required he at least possessed 500 grams but less than 2 kilograms of cocaine" is incorrect. (Docket No. 134 at 3.) The Court concludes that Mr. James has misunderstood its sister court's calculation of his sentence and his attack of his sentencing calculation has no merit. Therefore, Mr. James' first argument against his conviction in Case Number 3:98-CR-155-C fails.

Second, with regards to Mr. James' argument that the Judgment and Plea Agreement in Case Number 3:98-CR-155-C show he pleaded guilty to the charge of being a felon in possession pursuant to 18 U.S.C. § 922(g), though he had not at the time been convicted of a felony, the Court finds that this argument also lacks merit.[2] Mr. James attached what appears to

---

[2] This Court must note that Mr. James presented this argument previously to its sister court in a motion filed pursuant to 18 U.S.C. § 2255 in Case Number 3:98-CR-155-C. (Original Federal Criminal Action Docket No. 76.) The court in that case stated that "the defendant believes, incorrectly, that he was convicted of being a convicted

be the Plea Agreement and Judgment from Case Number 3:98-CR-155-C to his Motion for Writ of Error Coram Nobis. (See Docket No. 112-1 at 1-17.) However, upon comparison of the documents attached by Mr. James and those in the official record of this Court, it appears that the documents attached by Mr. James have been altered. The Judgment and the Plea Agreement in the Court's official records list the violation to which Mr. James pleaded guilty as 18 U.S.C. § 922(n). (Original Federal Criminal Action Docket Nos. 42; 46.) Alternatively, the Judgment and Plea Agreement attached by Mr. James for this Court's review list the violation to which Mr. James pleaded guilty as 18 U.S.C. 922(g), the felon in possession statute. (Docket No. 112-1 at 1, 8.) The Court finds these discrepancies curious and is unsure of how this alteration occurred. Regardless, the Court must look to the official record when making its determinations and the official court record lists the offense to which Mr. James pleaded guilty as 18 U.S.C. § 922(n), being under felony indictment while in possession of a firearm. While Mr. James is correct that there is a slight clerical error in the Judgment as the offense described next to 18 U.S.C. § 922(n) is "felon in possession of firearm which had been shipped in interstate commerce," such a clerical error does not warrant this Court's issuance of the extraordinary relief available under a writ of coram nobis as it is not an "error[] rendering the proceeding[] [itself] invalid." *Nyhuis*, 40 F. App'x at 81. Consequently, Mr. James' second argument against his conviction in Case Number 3:98-CR-155-C fails.

Instead, the clerical error Mr. James points to is an error that this Court may correct pursuant to Rule 36 of the Federal Rules of Criminal Procedure. Rule 36 states that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from

---

felon in possession of a firearm." *Id.* The court ultimately determined that contrary to the defendant's belief, he "pleaded guilty to being under felony indictment while in possession of a firearm, § 922(n)." *Id.*

oversight or omission." Fed. R. Civ. P. 36. To qualify for correction, a clerical error "must not be one of judgment or even misidentification, but merely of recitation, of the sort that a clerk or [secretary] might commit, mechanical in nature." *United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008) (quoting *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004)); *see also United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990). A reference to "the wrong crime in a judgment," for example, "amounts to a clerical error, correctible by the trial court or on appeal." *United States v. Finley*, 600 Fed. App'x. 964, 967 (6th Cir. 2015) (citing Fed. R. Crim. P. 36; *United States v. Davis*, 707 F.2d 880, 884 (6th Cir. 1983); *United States v. Barnes*, 313 F.2d 325, 327–28 (6th Cir. 1963)). The error that Mr. James' points to in the Judgment is a reference to the wrong crime, exactly the type of error the Sixth Circuit has found constitutes a clerical error and is correctible by this Court. Therefore, this Court will correct the clerical error after giving the parties fourteen days from the entry of this Memorandum Opinion and Order to file with the Court any objections they may have to such a correction.

### B. Kentucky State Court Conviction Case Number 05-CR-001756

Mr. James also seeks a writ of error coram nobis with regards to his conviction in Jefferson County Circuit Court in Louisville, Kentucky for trafficking in a controlled substance, in Case Number 05-CR-001756. He attacks his conviction in Kentucky state court because he contends that the Kentucky Department of Revenue imposed a tax assessment under Kentucky law against him for $999,400.00 after his conviction and such a tax constitutes double punishment in violation of the Double Jeopardy clause. (Docket No. 112 at 6-7.)

Regardless of Mr. James' arguments, the Sixth Circuit and many of its sister circuits have explicitly held that a petitioner cannot challenge a state court conviction by way of a writ of error

of coram nobis. *United States v. Watkins-El*, 37 F. App'x 716, 717 (6th Cir. 2002) ("[T]he district court properly noted that the writ [of error coram nobis] could not be used to attack [the petitioner's] state conviction."); *see e.g.*, *Rawlins v. Kansas*, 714 F.3d 1189, 1196 (10th Cir. 2013) (quoting *Davis v. Roberts*, 425 F.3d 830, 836 (10th Cir. 2005)) ("[F]ederal courts have no jurisdiction to issue writs of coram nobis with respect to state criminal judgments."); *In re Egan*, 339 F. App'x 314, 315 (4th Cir. 2009) ("The writ of error coram nobis may not be used to set aside a state conviction."); *Finkelstein v. Spitzer*, 455 F.3d 131, 134 (2d Cir. 2006) (agreeing with sister circuits that have found that district courts lack jurisdiction to issue writs of coram nobis to set aside judgments of state courts); *Obado v. New Jersey*, 328 F.3d 716, 718 (3rd Cir. 2003) ("[C]oram nobis is not available in a federal court as a means of attack on a state criminal judgment"); *Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir. 1992); *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments.").

Given the abundance of case law on the matter, it is clearly established that this Court does not have the power to issue a writ of error coram nobis with respect to Mr. James' state court conviction. Therefore, Mr. James' attempt to obtain a writ of coram nobis with regards to his conviction in Kentucky state court also fails.

**Conclusion and Order**

As Mr. James' Motion for Writ of Error Coram Nobis is barred by the doctrine of laches and additionally fails on the merits, his Motion is **DENIED. (Docket No. 112.)**

Mr. James' Motion for Extension of Time to File his Reply to Plaintiff's Response to his Motion for Writ of Error Coram Nobis is **GRANTED. (Docket No. 127.)**

Mr. James' Motion for Leave to File Supplemental Reply is **GRANTED. (Docket No. 136.)**

The parties are notified that this Court intends to correct the clerical error in the Judgment from Case Number 3:98-CR-155 pursuant to Rule 36 of the Federal Rules of Criminal Procedure. The parties have **fourteen days from the entry of this Memorandum Opinion and Order** to file with the Court any objections they may have to such a correction.

cc: U.S. Attorney
Kenyatta James, pro se
Defense Co-Counsel