UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:15-CR-00049-TBR

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.

KENYATTA TYRONE JAMES                                                    DEFENDANT

**Memorandum Opinion and Order**

Defendant Kenyatta James stands charged with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[1] [DN 1 at 1.] His case is set for trial on January 30, 2017. This matter is before the Court upon several discovery-related motions. James has moved for the release of *Brady* materials, [DN 150], for additional discovery, [DN 164], and for subpoenas pursuant to Federal Rule of Criminal Procedure 17, [DN 151]. James also made an oral motion before the Court on September 12, 2016, requesting that the government conduct fingerprint testing the firearm which it seeks to introduce against him at trial. Additionally, the United States has moved to strike James' *Brady* motion. [DN 154.] After responses and replies, these motions are ripe for adjudication. For the following reasons, James' motion for subpoenas [DN 151] is GRANTED, and his motion for additional discovery [DN 154] is GRANTED IN PART and DENIED IN

---

[1] The United States alleges that Louisville Metro Police Department Detective Aaron Browning seized from James a .40 caliber Glock 23 handgun, serial number DNX903. The serial number of the weapon has generated some confusion in this case, because Browning initially recorded the serial number as "DNX930," inadvertently transposing the terminal digits. On the record before the Court, it is unclear whether a firearm bearing the serial number DNX930 actually exists.

PART. His motion for *Brady* materials [DN 150] is DENIED AS MOOT. The United States' motion to strike [DN 154] is also DENIED.

### I. James' Motion for *Brady* Materials

On September 19, 2016, James filed a motion requesting this Court to order the United States "to disclose all exculpatory and impeaching evidence," naming specifically ten documents he seeks from the United States. *See* [DN 150.] The United States responded with a motion to strike, arguing that James' motion was untimely, and stating that it intends to comply fully with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). *See* [DN 154.] Accordingly, James' motion for *Brady* materials [DN 150] will be DENIED AS MOOT at this time. However, the United States is reminded of, and shall comply with, its disclosure obligations under *Brady* and *Giglio*, and is encouraged to make early disclosures. If, at a later date, James feels that the United States has failed to meet its *Brady* obligations, he may bring his concerns to the attention of the Court. The United States' motion to strike [DN 154] is DENIED.

### II. James' Motion for Additional Discovery

Pursuant to Federal Rule of Criminal Procedure 16, James also moves this Court to order the United States to produce ten different items of documentary evidence. [DN 154.] These documents relate to the origin and chain of custody of the DNX903 firearm, the personnel files of three Louisville Metro Police Department officers James expects to testify against him, and the personal

2

information of an individual James believes to be the owner of the DNX930 firearm. [*Id.* at 1-2.] The United States objects, contending that the evidence James seeks falls outside the scope of Rule 16. *See generally* [DN 173.]

Rule 16 provides, in pertinent part, "Upon a defendant's request, the government must permit the defendant to inspect and to copy . . . documents . . . if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; [or] (ii) the government intends to use the item in its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(E). The United States does not intend to introduce any of the documents requested by James at trial. However, LMPD documentation regarding the DNX903 firearm would seem to be at least somewhat relevant to James' defense.[2] Moreover, the government has already shown its ability to produce this type of evidence, introducing it during James' two suppression hearings. Therefore, pursuant to Rule 16, the United States is ORDERED to produce for inspection and copying the first two documents requested by James, the chain of custody and property room inventory sheet for the DNX903 firearm, to the extent such documents exist and are within the United States' possession. James has not shown that the other eight documents he requests are material to his defense or otherwise fall within the scope of Rule 16 disclosure. Although the Court advises the United States to be mindful of its other discovery obligations, including but not limited to its *Brady* obligations, the government need not produce the other eight documents requested by James. Therefore, James

---

[2] The Court notes, however, that it has already overruled James' motion to exclude firearms DNX903 and DNX930 on authentication grounds.

motion for additional discovery [DN 164] is GRANTED IN PART and DENIED IN PART.

### III. James' Oral Fingerprint Motion

During proceedings held before this Court on September 12, 2016, James orally moved the Court to require the United States to conduct fingerprint testing upon the DNX902 firearm. The United States responded to that motion, stating that it will make the firearm available for any testing the defense wishes to conduct. [DN 149 at 2.] However, because numerous individuals have handled the firearm since it was allegedly seized from James, the government believes fingerprint testing to be of little value in this case. [*Id.* at 1.] Accordingly, the United States does not intend to conduct such tests, and opposes James' motion that would, in effect, compel the government to perform the tests at James' behest.

While Rule 16(a)(1)(F) would seem to require the United States to produce the results of fingerprint testing should it be conducted, it imposes no affirmative obligation upon the government to conduct the tests. James has the right to have the DNX903 inspected; he does not have the right to have the United States conduct the inspection for him. His oral motion for fingerprint testing is DENIED.

### IV. James' Motion for Subpoenas

Finally, James filed a motion on September 22, 2016, requesting this Court to issue eight blank subpoenas for certain persons and documents. [DN 151.] The specific nature of the subpoenas requested is detailed in James' motion; speaking generally, James seeks to compel the presence of four individuals at trial and to

4

require them to produce particular documents and objects allegedly within their possession.

Federal Rule of Criminal Procedure 17 provides that "[u]pon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." Fed. R. Crim. P. 17(b). Furthermore, "[i]f the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas." *Id.* In light of the impending trial date, James' motion for subpoenas [DN 151] is GRANTED.

## V. Conclusion and Order

For the foregoing reasons, IT IS HEREBY ORDERED:

(1) James' motion for *Brady* materials is DENIED AS MOOT;

(2) The United States' motion to strike [DN 154] is DENIED;

(3) James' motion for additional discovery [DN 164] is GRANTED IN PART and DENIED IN PART;

(4) James' oral motion for fingerprint testing is DENIED; and

(5) James' motion for subpoenas [DN 151] is GRANTED.  The Clerk of Court shall issue four blank subpoenas to testify at trial in a criminal case (AO Form 89) and four blank subpoenas to produce documents, information, or objects in a criminal case (AO Form 89B) and send them to Defendant James pursuant to Fed. R. Crim. P. 17.

CC: Counsel of Record
Kenyatta James, *pro se*