UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:15-CR-00049-TBR

UNITED STATES OF AMERICA                                                           PLAINTIFF

v.

KENYATTA TYRONE JAMES                                               DEFENDANT

**Memorandum Opinion and Order**

This matter is before the Court upon Defendant Kenyatta James' motion to revoke his waiver of counsel. [DN 198.] The United States responded, [DN 200], and James replied, [DN 205]. James' motion is ripe for adjudication, and for the following reasons, it is DENIED.

This case began nearly two years ago with James' arrest on May 8, 2015 for being a felon in possession of a firearm. The Federal Public Defender was originally appointed to represent James, but withdrew because of a conflict of interest. *See* [DN 9.] The Court then appointed Hon. Khalid Kahloon to represent James. *See* [DN 11.] Despite Mr. Kahloon's appointment, James began filing numerous *pro se* motions, including a motion to waive his right to counsel and to represent himself. *See* [DN 18.] The Court held a hearing on James' motion to proceed *pro se*, and found no evidence that Mr. Kahloon was ineffective as James had alleged. Nevertheless, on November 23, 2015, the Court appointed Hon. Paul Neel, Jr. as standby counsel and allowed James to proceed *pro se*. *See* [DN 65.]

Since that time, James has engaged in vociferous motion practice, as is his right. Due in large part to James' litany of motions, his trial has been scheduled

and rescheduled at least four times. It is currently set to begin March 27, 2017. Now, mere weeks before trial, and more than a year after the Court granted his motion to proceed *pro se*, James seeks to revoke his waiver of counsel. *See* [DN 198.] What's more, James asks the Court to appoint an attorney other than Mr. Neel to represent him at trial.

James is free to revoke his waiver of counsel, if he so chooses. But if he does, the Court will not replace Mr. Neel with another appointed attorney. The Sixth Amendment guarantees James the right to counsel; it does not guarantee him the right to counsel of his choice. *See United States v. Marrero*, 651 F.3d 453, 464 (6th Cir. 2011). "An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate 'good cause' to warrant substitution of counsel." *United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir. 1990). Whether good cause for substitution exists rests within the sound discretion of the trial court after considering four factors:

> [1] the timeliness of the motion; [2] the adequacy of the court's inquiry into the defendant's complaint; . . . [3] whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense[;] [and] [4] a balancing of the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice.

*United States v. Jennings*, 83 F.3d 145, 148 (6th Cir. 1996) (quoting *Iles*, 906 F.2d at 130 n.8).

On balance, the Court believes these factors counsel against substitution of counsel in this case. First, James' motion is anything but timely, filed fourteen months after the court first appointed Mr. Neel as standby counsel. Further,

James' motion does not indicate that there has been a total breakdown in communications between himself and Mr. Neel. James contends that Mr. Neel has been unwilling to subpoena certain witnesses and evidence related to his defense. [DN 198 at 1.] But as his voluminous filings indicate, this is a burden James has been more than willing to shoulder himself. Finally, given the drawn-out nature of this case, the public interest also weighs heavily against appointing a fourth attorney and delaying James' trial yet again. This case has been pending for nearly two years despite its relative simplicity. The Court has allowed James to avail himself of the services of three successive attorneys, yet James is still unsatisfied. Given the fact that Mr. Neel is currently devoting his full time and attention to James' case, the Court struggles to envision a scenario in which James could receive a higher quality of representation.

This Court previously noted that "James' accusations that Mr. Neel has been in effective in his standby or co-counsel role are simply without merit." [DN 180 at 2.] Since that time, the Court is aware of nothing that might call that observation into question. James may represent himself at trial with Mr. Neel as standby counsel, or he may revoke his waiver and have Mr. Neel represent him. The Court will not, however, set James' trial over another time so that another attorney can become familiar with his case. Because James indicates that he has no desire to have Mr. Neel represent him at trial, the Court will DENY James' motion to revoke his waiver of counsel. [DN 198.]