UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:15-CR-00049-TBR

UNITED STATES OF AMERICA                                        PLAINTIFF

v.

KENYATTA TYRONE JAMES                                          DEFENDANT

**Memorandum Opinion and Order**

In anticipation of trial, Defendant Kenyatta James filed a motion asking the Court to take judicial notice of certain facts.   [DN 220.]   For the following reasons, the Court will DENY that motion.

In pertinent part, Federal Rule of Evidence 201(b) provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction[] or . . . can accurately and readily be determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).   The court is required to take judicial notice "if a party requests it and the court is supplied with the necessary information."  *Id.* § 201(c)(2).   "In a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive."  *Id.* § 201(f).

The Sixth Circuit has said that "[j]udicial notice is only appropriate if 'the matter [is] beyond reasonable controversy . . . .   The rule proceeds upon the theory that . . . dispensing with traditional methods of proof [should only occur] in clear cases.'"  *United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012) (quoting Fed. R. Evid. 201(b) advisory committee's note) (alterations in original).   In other words,

"indisputability is a prerequisite" to taking judicial notice.   *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

Here, James asks the Court to judicially notice facts that form the basis of his defense.   For example, James says the Court should take judicial notice that "LMPD's Detective Aaron Browning allegedly arrested defendant for unlawful possession of a Glock 23 .40 caliber pistol SN: DNX930."   [DN 220.]   But this "fact" is indeed in dispute in this case.   Although James' original citation lists the firearm as having the serial number DNX930, Browning testified at James' suppression hearing that he arrested James in possession of a Glock handgun, serial number DNX903.   He attributed the discrepancy to his inadvertent transposition of the last two digits.   This point is certainly "subject to reasonable dispute," as are the other inferences James draws from the government's chain of custody documentation. Fed. R. Evid. 201(b); *see* [DN 220 at 1-2.]   The Court believes that the facts listed by James in his motion are inappropriate for judicial notice.   Accordingly, no Rule 201(e) hearing is necessary on James' motion.   *See Rice v. Farley*, No. 14-31-ART, 2014 WL 24411260, at *1 (E.D. Ky. May 30, 2014).

James' motion for judicial notice [DN 220] is DENIED.

CC: Counsel of Record
Kenyatta James, *pro se*