UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                                  No. 3:15-cr-49-BJB

**KENYATTA TYRONE JAMES**

## OPINION & ORDER

The United States petitioned to revoke Kenyatta James' supervised release based on an alleged incident on February 5, 2021.  DN 307.  James has asked the Court to dismiss the petition to revoke his supervised release, DN 328, and to require the Government to produce materials, DN 329.

In support of his motion to dismiss the petition, James argues that the Court failed to hold the hearing in a reasonable time and that the Court lacks personal jurisdiction over him based on the apparent absence of a warrant.  DN 328.  In *Morrisey v. Brewer*, the Supreme Court required that a trial court must hold a hearing to revoke supervised release within a reasonable time.  408 U.S. 471 (1972) (citing Fed. R. Crim. P. 32.1(b)(2)).  The Court has already rejected this objection:

> The time leading up to this hearing passed largely at the Defendant's request, given his concurrent state proceeding and request to dismiss this federal revocation proceeding. *See United States v. Husband*, 820 F. App'x 457, 459 (7th Cir. 2020) (5-month delay was reasonable, especially because 3 of the months were attributable to the defendant).

DN 323.  This remains true.  Once James decided to press for a hearing on his federal supervised-release petition, the Court and counsel promptly scheduled a pre-hearing conference.  Now the hearing is only a week away.  No basis exists to reject the date as too late or too prejudicial.

As to James's personal-jurisdiction objection, the Government has provided the warrant James said was missing.  DN 331-1.  And of course the Court has personal jurisdiction over an alleged violation, within this judicial district, of supervised-release conditions imposed by this Court.  *See United States v. Sankey*, No. 3:07-CR-83, 2016 WL 4253985, at *2 (E.D. Tenn. July 13, 2016), report and recommendation adopted, No. 3:07-CR-83, 2016 WL 4250317 (E.D. Tenn. Aug. 10, 2016) (issuing writ for defendant in state-court proceedings to appear for federal supervised-release revocation hearing, and holding that the court had jurisdiction over any violations of

federal law within the district); *United States v. Devlin*, 800 F. App'x 88, 91 (3d Cir. 2020) (ruling that the district court had jurisdiction to revoke supervised release under 18 U.S.C § 3583(e)(1)–(3) and 18 U.S.C. § 3605). So the Court denies James' motion to dismiss (DN 328) in its entirety.

      Finally, the Court denies the motion to produce discoverable materials (DN 329) because the Government has provided the arrest warrant (DN 331-1, 303) and the petition for revocation (DN 326-1, 302). The Court also sees no reason to unseal anything at this time, and James's motion cites no authority to that effect. Therefore the Court denies this aspect of James's motion to produce (DN 329) as well.

Benjamin Beaton, District Judge
United States District Court

November 17, 2021